UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PATRICK ANTHONY RIBBING,

    Plaintiff,

v.                                          Case No. 3:20cv5698-RV-HTC

STATE OF FLORIDA, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Patrick Anthony Ribbing's *pro se* complaint. ECF Doc. 1. Plaintiff also filed a motion to proceed *in forma pauperis*, but it was not sufficiently completed. Specifically, Plaintiff failed to provide full and complete responses to the questions on the Court's form. Thus, on August 6, 2020, this Court denied Plaintiff's motion to proceed *in forma pauperis* (ECF Doc. 2) and provided Plaintiff an opportunity to correct the deficiencies. ECF Doc. 4. Plaintiff was ordered to either pay the $400 filing fee or file a second motion to proceed *in forma pauperis* with full and complete responses by August 20, 2020. *Id.* Plaintiff did not file the motion or pay the filing fee by that date.

Additionally, it appears that Plaintiff also may not have received the Court's order, as it was returned "Undeliverable" and "Unavailable to Forward" despite

being sent to the address provided by Plaintiff.  It is Plaintiff's obligation to notify the Court of changes to his address.  Plaintiff has not done so here.  Because the Court does not have a good address for Plaintiff, the issuance of any further orders seeking compliance would be futile.

Moreover, Plaintiff is no stranger to the Court.  He has filed at least fourteen (15) cases in this district.  Five (5) of those cases, which were pending before the undersigned, were dismissed for failure to follow a court order, and each involved a situation where Plaintiff failed to update the Court with his current address.  *See, e.g.*, *Ribbing v. Miami Lakes Properties, LLC*, 3:19-cv-3335-RV-HTC (N.D. Fla. dismissed Nov. 6, 2019) (failure to comply with court order and update the court with current address); *Ribbing v. State of Florida*, 3:19-cv-3337-RV-HTC (N.D. Fla. dismissed Nov. 5, 2019) (same); *Ribbing v. State of Florida*, 3:19-cv-3368-TKW-HTC (N.D. Fla. dismissed October 15, 2019) (same); *Ribbing v. State of Florida*, 3:19-cv-437-LC-HTC (N.D. Fla. dismissed May 28, 2019) (same); *see also Ribbing v. Meadow Run Apartments*, 3:19-cv-3336-RV-HTC (N.D. Fla. dismissed October 21, 2019) (failure to respond to show cause order to show this Court's jurisdiction).  Based on these prior cases, it appears that Plaintiff has a pattern and practice of filing complaints, accompanied by incomplete motions to proceed *in forma pauperis*, and then failing to prosecute the matter.

Case No. 3:20cv5698-RV-HTC

Accordingly, it is RESPECTFULLY RECOMMENDED that:

1. Plaintiff's case be DISMISSED WITHOUT PREJUDICE.

2. The clerk be directed to close the file.

Done in Pensacola, Florida, this 27th day of August, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**